UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVE RINDAL,

          Plaintiff,

    v.

ROMAN S. DIXON, *et al.*,

          Defendants.

CASE NO. 2:23-cv-01293-RSL

ORDER

On November 30, 2023, plaintiff was ordered to show cause why the above-captioned matter should not be dismissed for failure to serve defendants within the time period set forth in Fed. R. Civ. P. 4(m). Dkt. # 10. No response was received by the December 21, 2023, deadline, and the matter was dismissed on December 26th. Dkt. # 12. The next day, the Court received plaintiff's "Response to Show Cause," which acknowledges deficiencies in prior service efforts, notes that he has been out of state, promises corrective action, and requests additional time as a pro se litigant to correct the errors.

Federal Rule of Civil Procedure 4(m) states in relevant part:

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be

ORDER - 1

made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The good cause exception "applies only in limited circumstances, and inadvertent error or ignorance of governing rules alone will not excuse a litigant's failure to effect timely service." *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992), *overruled in part on other grounds by Von Tobel v. Johns*, 2022 WL 1568359 (9th Cir. May 18, 2022); *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987) (noting that ignorance of or confusion about service requirements does not constitute "good cause" for failure to serve); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Nevertheless, the various rules regarding service can be complicated, and plaintiff attempted to provide notice of this lawsuit in a timely manner. The Court will therefore allow plaintiff more latitude than a litigant represented by counsel to correct defects in service of process, *see, e.g., Eriksen v. Washington State Patrol*, 2006 WL 994750, at *1 (E.D. Wash. Apr. 7, 2006), especially where the known facts and timeline do not suggest that defendants would be prejudiced by an extension of the service deadline.

Plaintiff shall have until Thursday, January 25, 2024, to file proof that each defendant named in this lawsuit has been served. Failure to properly serve a defendant and/or failure to file proof of such service by that date[1] will result in dismissal of the claims against that defendant without prejudice. The Clerk of Court is directed to reopen

---

[1] Plaintiff must ensure that proof of service is received by the Court, not simply placed in the mail, by January 25th.

ORDER - 2

the case and note a "service deadline" on the Court's calendar for Friday, January 26, 2024.

Dated this 2nd day of January, 2024.

Robert S. Lasnik
United States District Judge

ORDER - 3